In Re: Appeal of Souderton Area School District From Decision of Board of Assessment Appeals of Bucks County. Bucks County Board of Assessment Appeals, Appellant.

Argued December 15, 1982, before Judges Rogers, MacPhail and Craig, sitting as a panel of three.

*Martin J. King,* for appellant.

*Marc B. Davis,* for appellee.

Opinion by Judge Rogers, March 16, 1983:

The Bucks County Board of Assessment Appeals has appealed from an order of the Court of Common Pleas of Bucks County, which on the appeal of the Souderton Area School District, reduced the board's assessment for local taxes in the years 1980 and 1981 of the Telford Elementary School.

The Telford schoolhouse is owned by the appellee, the Souderton Area School District. The property consists of a total of 11.2 acres, of which the school building and curtilage comprise about 2.5 acres and various athletic facilities and a ravine comprise the rest. This case concerns only the building and its curtilage. The school building has not been used for functional purposes since 1977. A part of the building is used by the district for storage; other parts are rented to the Evangelical Mission Church, the Zion Fellowship Church, the Church of Jesus Christ of Latter Day

Saints, the Montgomery County Head Start Program, the Bucks County Child Care Center and the Indian Valley Chamber of Commerce.

The school district has no plans to dispose of the school and may in the future again use it for classroom instruction. The school district rented the building in order to prevent vandalism and defray some of its cost of having it. It seems that the building nevertheless is retained at a loss.

In 1980, the Board of Assessment determined that the building was no longer being used as a schoolhouse and placed it on the list of taxable, that is, non-exempt, properties at the assessments, after appeal to the board, of $21,000 for the year 1980 and $27,900 for the year 1981. On the school district's appeal, after hearing, the common pleas court decided that only that part of the building used by the Chamber of Commerce was not entitled to exemption and reduced the assessments to $827 for the year 1980 and to $680 for the year 1981.

The Legislature is empowered to exempt real estate from local taxation. Pennsylvania Constitution, Article 8, Section 2. The Legislature has exercised this power, *inter alia*, by Section 202 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.202,[1] reading pertinently to the disposition of this appeal as follows:

---

[1] The parties agree that exemptions in Bucks County, although a county of the third class, is governed by Section 202 of the Fourth to Eighth Class County Assessment Law. This may be the result of the application of subsection (b) of Section 6 of the Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §5347 providing that fifth class counties being advanced to third class shall continue to operate a tax assessment system under the Fourth to Eighth Class County Assessment Law. The point is of no importance here because Section 204 of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-204, relating to exemptions, is identical to Section 202 of the Fourth to Eighth Class County Law.

(a) The following property shall be exempt from all ... [local] tax, to wit:

(1) All churches ... or other actual places of stated religious worship. ...

. . . .

(3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity. ...

(4) All schoolhouses, belonging to any ... school district with the ground thereto annexed and necessary for the occupancy and enjoyment of the same. ...

. . . .

(9) All real property owned by one or more institutions of purely public charity. ...

. . . .

(10) All playgrounds . . . maintained by public or private charity . . . approved and accepted by the board of assessment.

(11) All buildings owned and occupied by free public nonsectarian libraries . . . notwithstanding the fact that some portion or portions of said building or lands appurtenant may be yielding rentals to the corporation ... managing such library. ...

(b) Except as otherwise provided in class (11), subsection (a) of this section, [libraries] all property, real or personal, other than that which is actually and regularly used and occupied for the purposes specified in this section, and all other such property from which any income or revenue is derived, other than from recipients of the bounty of the institution or charity, shall be subject to taxation, except where exempted by law for state purposes, and

nothing herein contained shall exempt same therefrom.

(c) Except as otherwise provided in clause (10), subsection (a) of this section, [playgrounds] all property, real and personal, actually and regularly used and occupied for the purposes specified in this section, shall be subject to taxation unless the person or persons, associations or corporation so using and occupying the same shall be seized of the legal or equitable title in the realty and possessor of the personal property absolutely.

The assessment board contended, and contends (1) that the school district lost the schoolhouse exemption under Section 202(a)(4) because its failure to use it as a schoolhouse demonstrates that it is not "necessary for the use and enjoyment" of the district as a schoolhouse; and (2) that the lease of the building for religious worship was in violation of the Establishment Clause of the First Amendment. The first of these contentions, as the trial judge correctly held, is ineffective because the phrase "necessary for the occupancy and enjoyment of the same" appearing in Section 202(a)(4) refers to "ground thereto annexed," not to the schoolhouse itself. The board's second argument has no place in this administrative law proceeding commenced before the board of assessment of taxes and concerning only the question of whether the schoolhouse should or should not be exempt. The school district is authorized to rent unused and unnecessary buildings for any lawful purpose. Section 709 of the Public School Code of 1949, March 10, 1949 P.L. 30, 24 P.S. §7-709. Under the assessment statute, neither the Board of Assessment, nor a court in an appeal from the board has a warrant to examine the school district's leases for constitutional infirmities.

The school district on the other hand contended and contends that (1) since by Section 202(a)(4) the schoolhouse is exempt as a schoolhouse, (2) the church tenants are using it as a place of worship exempt from taxation by Section 202(a)(1) and (3) the other tenants (except the Chamber of Commerce) are institutions of purely public charity whose property would be exempt by Section 202(a)(9), the schoolhouse should remain exempt, despite the fact that it is not now used as a schoolhouse. The trial court adopted this reasoning and declared that only that part of the schoolhouse rented to the Chamber of Commerce was not entitled to exemption.

No reference is made in the briefs and record of the case to subsection (b) of Section 202 providing that (1) "all property . . . other than that which is actually . . . used . . . for the purposes specified" [and] "all . . . property from which any income or revenue is derived" shall be subject to taxation. Nor is any reference made to subsection (c) of Section 202 providing that "all property . . . actually . . . used . . . for the purposes specified . . . shall be subject to taxation unless the persons . . . so using . . . the same shall be seized of the legal or equitable title" thereto. It seems to us that these provisions have significant, perhaps controlling bearing, on the issues presented and that they should be considered by the trial court in a new decision.

We therefore reverse the order appealed from; and remand the record to the court for a new decision consistent herewith. Jurisdiction is relinquished.

## ORDER

AND Now, this 16th day of March 1983, the order appealed from is reversed and the record is remanded for a decision consistent with the opinion herewith. Jurisdiction is relinquished.